MEMORANDUM *
Asha Perez (“Perez”) appeals the district court’s grant of summary judgment to the Alameda County Sheriffs Office (“ACSO”) on her gender discrimination claim. We affirm.
As an ACSO Deputy Sheriff, Perez was subject to an internal investigation based on allegations that she had failed to submit citations, reports, and attachments, falsified patrol logs, and failed to process evidence and property properly. The investigation confirmed these charges and also led to the finding that Perez was dishonest with investigators. As a result, Perez received a temporary pay reduction that was upheld on administrative review. Perez subsequently brought eleven causes of action against ACSO and several supervisors who were in her chain of command at ACSO. A prior panel of this court upheld the district court’s grant of summary judgment to ACSO, with the exception of Perez’s gender discrimination claim which it remanded for further proceedings.
The Supreme Court’s McDonnell Douglas burden-shifting test applies to discrimination claims on motion for summary judgment. See Guz v. Bechtel Nat’l Inc., 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113-14 (2000) (citing McDonnell Douglas Gorp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Assuming Perez established a prima facie case of discrimination, we find ACSO articulated legitimate, nondiscriminatory reasons for the disciplinary action against Perez— namely, Perez’s “fail[ure] to perform her duties ... in a satisfactory manner.” See Trap v. Sony Pictures Entm’t Inc., 129 Cal.App.4th 1133, 1149, 29 Cal.Rptr.3d 144 (2005).
Perez, however, then failed to carry her burden of proving that ACSO’s cited reasons for the discipline were pretext for gender discrimination. Guz, 100 Cal.Rptr.2d 352, 8 P.3d at 1114. Where, as here, a plaintiff relies on circumstantial evidence of discriminatory motive, such evidence must be “specific and substantial.” Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998) (internal quotation marks omitted). Perez presented several types of circumstantial evidence of *622 discriminatory motive, all of which fail to establish pretext.
1. The district court did not err in finding that Perez failed to offer evidence of gender discrimination against similarly situated employees sufficient to establish pretext, because neither of the two female ACSO employees whom Perez identifies— Deputy Divine and Pamela Landry—was accused of the same degree of misconduct as Perez, subjected to the same degree of disciplinary action as Perez, or disciplined by the same ACSO officials who disciplined Perez. See Johnson v. United Cerebral Palsy, 173 Cal.App.4th 740, 767, 93 Cal.Rptr.3d 198 (2009). Divine’s and Landry’s testimonies do not raise an inference of discriminatory intent, because they are not “sufficiently similar to the [situation] presented by [Perez] concerning her own [discipline].” Id.
2. ACSO’s alleged violation of its complaint policy does not establish pretext, because Perez has not presented evidence of a clear “logical nexus between” ACSO’s decision to discipline her and its alleged failure to investigate and report discrimination complaints up the chain of command. See Morgan v. Regents of Univ., 88 Cal.App.4th 52, 77, 105 Cal.Rptr.2d 652 (2000).
3. The district court did not err in concluding that Perez failed to present evidence of disparate treatment of similarly situated male employees sufficient to establish pretext. There is no suggestion that the two male ACSO employees whom Perez identifies “engaged in the same [mis]conduct” as Perez. Wills v. Superior Court, 195 Cal.App.4th 143, 172, 125 Cal.Rptr.3d 1 (2011) (internal quotation marks and citation omitted). Moreover, ACSO’s comparable disciplinary action against Sergeant Farruggia further undermines Perez’s claim that similarly situated male employees received better treatment.
4. Perez has not presented evidence that ACSO’s criticism of her documentation practices was unfounded, and therefore her performance-based argument cannot establish that ACSO’s reasons for the disciplinary action were pretextual. See Horn v. Cushman & Wakefield W., Inc., 72 Cal.App.4th 798, 807, 85 Cal.Rptr.2d 459 (1999).
5. The alleged “derogatory remarks” by ACSO employees Stephen Wolf and Dean Stavert are insufficient to establish discriminatory motive, because the comments were unrelated to the disciplinary action against Perez. See Harris v. City of Santa Monica, 56 Cal.4th 203, 152 Cal.Rptr.3d 392, 294 P.3d 49, 61, 66 (2013).
In short, because Perez failed to establish an issue of material fact as to ACSO’s reasons for disciplining her, the district court did not err in granting ACSO summary judgment on Perez’s gender discrimination claim.
Furthermore, the district court did not abuse its discretion by refusing to permit additional discovery, as Perez apparently failed to comply with both Federal Rule of Civil Procedure 56(d) and the district court’s instructions for requesting additional discovery. Nor did the district court err in refusing to remand Perez’s gender discrimination claim to state court. Because the gender discrimination claim formed part of the same case or controversy as Perez’s prior federal claims, and had been before the district court for four years, the district court’s decision to continue to exercise jurisdiction over the discrimination claim was reasonable. See Foster v. Wilson, 504 F.3d 1046, 1051-52 (9th Cir. 2007) (“The decision whether to continue to exercise supplementary jurisdiction over state law claims after all federal claims have been dismissed lies within the district court’s discretion.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.